IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HISCOX INSURANCE COMPANY INC., )<br>)<br>    Plaintiff,                              )<br>)<br>vs.                                           )<br>)<br>PURPOSE JANITORIAL, LLC,    )<br>)<br>    Defendant.                          ) | Case No. CIV-22-835-D |

**ORDER**

Before the Court is Plaintiff Hiscox Insurance Company Inc.'s Motion for Default Judgment [Doc. No. 9]. Plaintiff filed this action for declaratory judgment against Defendant Purpose Janitorial, LLC. Although served with process, Defendant has not entered an appearance, responded to the Complaint [Doc. No. 1], or responded to Plaintiff's motion for entry of default [Doc. No. 7].

**BACKGROUND**

Plaintiff seeks a declaratory judgment that its insurance policy issued to Defendant imposes no obligation to defend or indemnify Defendant in connection with an underlying lawsuit in state court. Plaintiff alleges that a lawsuit was filed against Defendant (and several others) arising out of an alleged rape that occurred at a long-term care facility in Oklahoma. The perpetrator was an employee of Defendant, who contracted with the facility to provide janitorial services. The lawsuit asserts claims for assault, battery, negligent hiring, negligent supervision, negligence, negligence per se, and punitive damages against Defendant. Defendant notified Plaintiff of the lawsuit and demanded defense and/or

indemnification pursuant to the policy of insurance issued to Defendant by Plaintiff. Plaintiff alleges and has cited to language in the policy (a copy of which is attached to their Complaint) indicating that the policy does not provide coverage for intentional criminal conduct, abuse, or molestation.

Plaintiff filed its Complaint on September 20, 2022 and submitted affidavits declaring that Defendant was served with process on December 30, 2022 [Doc. Nos. 4, 5]. No responsive pleading or entry of appearance was filed by Defendant. On February 28, 2022, the Court Clerk entered default against Defendants for failure to plead or otherwise defend the present action [Doc. No. 8]. Plaintiff now seeks default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b).

## DISCUSSION

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on their merits whenever possible, a default judgment is a reasonable remedy when the adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of default judgment. FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied

may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). Additionally, LCvR55.1 requires an application for a default judgment to include an affidavit in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931. Here, Defendants have failed to answer or plead, default was entered by the Clerk, and Plaintiff has submitted an affidavit [Doc. No. 10] that satisfies LCvR55.1.

Although Defendants' complete failure to defend warrants the entry of a default judgment, the Court must still determine whether the uncontested facts establish a legitimate cause of action. *See Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). Here, Plaintiff alleges that Defendant seeks indemnification or defense in connection with a lawsuit arising out of an alleged rape but the applicable insurance policy does not provide coverage for intentional criminal conduct, molestation, or rape. Accordingly, Plaintiff's well-pleaded factual allegations establish that the policy does not cover the event that resulted in the claims in the underlying lawsuit and default judgment is appropriate. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) (explaining that a defendant admits the plaintiff's well-pleaded factual allegations by his default).[1]

---

[1] The Court also concludes that it has jurisdiction to issue a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 because the allegations indicate that Defendant demanded coverage under the policy and Plaintiff disputes that coverage applies.

Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 9] is GRANTED. A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of April, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge